**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


**WALTER C. SMITH,**

        **Plaintiff,**

**v.**                                                                 **Case No. 8:07-cv-78-T-30TBM**

**CA, INC., f/k/a Computer**
**Associates International, Inc.,[1]**

        **Defendant.**
                            /


**O R D E R**

THIS MATTER is before the court on **Defendant CA, Inc.'s Motion to Tax Costs and Incorporated Memorandum of Law** (Doc. 82), Defendant's Bill of Costs (Doc. 83), and Declaration of April L. Boyer, Esq. (Doc. 84). By its motion, Defendant seeks an Order awarding taxable costs in the amount of $6,041.19. Plaintiff, who is proceeding *pro se*, has not filed a response to Defendant's motion.

Federal Rule of Civil Procedure 54(d) provides that costs other than attorney's fees "should be allowed to the prevailing party" unless a federal statute, the federal rules, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991)). In taxing costs under Rule 54, courts may tax only those

---

[1]Defendant indicates this is its correct title. (Doc. 88 at 1 n.1).

costs explicitly authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.

437, 442 (1987). Under 28 U.S.C. § 1920, the following costs may be taxed: (1) fees of the

clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic

transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and

witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the

case; (5) docket fees under § 1923; and (6) compensation of court appointed experts and

interpreter services. 28 U.S.C. § 1920; *Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir.

2007).

By its instant motion, Defendant seeks to recover costs pursuant to Fed. R. Civ. P.

54(d)(1) and 28 U.S.C. § 1920. Specifically, Defendant seeks to recover the following:

| | |
|---|---|
| Court reporter fees/transcripts: | $ 3,710.55 |
| Witness fees: | $   120.00 |
| Fees for Copies: | $ 2,210.64 |
| | $ 6,041.19 |

*See* (Doc. 83). Documentation purporting to support the taxability of these costs is appended

to the Bill of Costs. *See* (Doc. 83-2). The Declaration of defense counsel states that

Defendant incurred $6,041.19 in taxable costs pursuant to 28 U.S.C. § 1920. (Doc. 84).

Counsel further declares that the "taxable costs seek recovery of fees associated with copying

expenses and with filing and subpoena costs." *Id.*, ¶ 10.

While a court may tax fees of the court reporter as costs pursuant to 28 U.S.C.

§ 1920(2), the court finds that Defendant has included incidental charges of the court reporter,

such as mini-transcripts, postage, and delivery charges, for which Defendant is not necessarily

2

entitled. *See Smith v. Tenet HealthSystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (holding § 1920 does not authorize taxing of delivery and postage costs) (citing *Duckworth v. Whisenant*, 97 F. 3d 1393, 1399 (11th Cir. 1996) (postage expenses clearly not recoverable))*; Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369 (E.D. Tex. 2007) (finding incidental costs associated with depositions, such as expedited delivery charges, ASCII disks, and parking, generally not recoverable under § 1920). Thus, removing those elements from Defendant's claimed costs for court reporter fees/deposition transcripts, the court finds Defendant entitled to $3,518.60, as taxable costs under 28 U.S.C. § 1920(2).

The Court further finds that Defendant's claim of $120.00 for three witness fees to be appropriate and awards same as taxable costs pursuant to 28 U.S.C. § 1920(3).

Lastly, with regard to Defendant's request for $2,210.64 in taxable costs as "fees for exemplification and copies of papers necessarily obtained for use in the case," the court notes that Defendant attached twenty-seven pages of invoices to its Bill of Costs (Doc. 83-2, at 13-39), which purport to support Defendant's request. The invoices attached appear to include all expenses and fees incurred by Defendant in the case, but fail to specifically identify which of those costs are related to the claim of $2,210.64. Furthermore, for many of the copying charges, there is no indication what was copied, and thus, the court is unable to ascertain whether such charges were "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4). The burden is on the party seeking taxation of costs to establish that the copies were necessarily obtained for use in the case. *See Coss v. Sunbelt Rentals, Inc.*, No. 8:03-cv-129-T-30EAJ, 2005 WL 2088430, at *2 (M.D. Fla. Aug. 30, 2005). In reviewing Defendant's

invoices, the court finds that $626.02 of the copying charges are specifically identified, e.g. discovery production, and related to the case. However, regarding the remainder of the copying charges, the court is unable to identify their "necessity" as there is no indication as to what documents were copied or for what purpose, and thus, the court finds the Defendant has failed to meet its burden with respect to $1,584.62 of its claimed copy costs under § 1920(4).

Upon consideration, Defendant's Motion to Tax Costs (Doc. 82) is **GRANTED** to the extent that Plaintiff is to be taxed <u>$4,264.62</u>[2] pursuant to 28 U.S.C. § 1920. In all other respects, Defendant's motion (Doc. 82) is **DENIED**.

**Done and Ordered** at Tampa, Florida, this 3rd day of March 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
*Pro se* Plaintiff

---

[2]The award of $4,264.62 in taxable costs to the Defendant represents the sum of $3,518.60 allowed for court reporter expenses/fees, $120.00 in witness fees, and $626.02 in copying costs.